# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) I.D. No.: 91009844DI |
| v. | ) |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On this 17th day of February, 2021, the Court has considered Defendant Christopher Desmond's "Motion to Amend the Motion to Dismiss Eight Counts of Robbery First Degree" (hereinafter "Motion"). It appears to the Court that:

1. Defendant was arrested in 1991 by Delaware State Police for allegedly committing a series of robberies in New Castle County, Delaware. After a full trial, Defendant was convicted of ten counts of Robbery First Degree, ten counts of Possession of a Deadly Weapon During Commission of a Felony, three counts of Possession of a Deadly Weapon by a Prohibited Person, three counts of Felony Theft, two counts of Second Degree Conspiracy, and one count of Third Degree Escape.[1] Defendant was sentenced to 78 years of Level V incarceration for these convictions.

---

[1] Def.'s Mot. At p. 2.

2. Defendant's direct appeal to the Supreme Court of Delaware was denied on November 16, 1994.[2] Defendant has also filed a large body of additional appeals in the Superior Court and various other state and federal courts. All of Defendant's additional appeals as well as all related motions and petitions by Defendant have been unsuccessful at every level. This Court has frequently noted that Defendant has a long history of repeating previously rejected arguments in his filings, and that Defendant often tries to avoid procedural bars to relief by rephrasing and recharacterizing his past arguments.

3. This Order will address Defendant's latest Motion. In his latest Motion, Defendant claims that his convictions for First Degree Robbery should be vacated because the State withheld exculpatory evidence from the Defendant, in violation of the State's obligation to turn over all exculpatory evidence to Defendant under *Brady v. Maryland.*

4. For the following reasons, Defendant's Motion will be **DENIED**.

5. According to Defendant's Motion, the State's case at trial hinged on witness identification of Defendant as the perpetrator of multiple armed robberies which took place in New Castle County, Delaware, in 1990-1991. Defendant states that the key evidence of the State consisted of witness identifications, where eye-witnesses to the robberies identified

---

[2] *Desmond v. State*, 654 A.2d 821 (Del. 1994).

Defendant as the perpetrator of the robberies based on photo displays in which witnesses picked Defendant's photograph out among photos of five other suspects and identified Defendant as the perpetrator of the robberies.[3]

6. According to Defendant, the State arranged the photos of potential perpetrators in a suggestive manner which made it more likely that witnesses would choose his photo from the lineup and identify him as the perpetrator of the robberies. Additionally, according to Defendant, the State also suppressed evidence of "five additional eyewitnesses who could not identify Desmond after witnessing [two of the robberies for which Defendant was convicted.]"[4] Defendant also states that the State chose to use photo displays rather than using security camera surveillance footage which showed the robberies taking place, claiming that the latter constituted stronger evidence and would have cast doubt about whether Defendant was the actual perpetrator of the robberies.[5] Defendant claims that he we "prevented from reviewing these materials at trial, after trial, and during collateral proceedings by the state's denials and failure to disclose favorable materials under *Brady*."[6]

7. Before addressing the substance of Defendant's contentions, this Court must determine if his Motion meets the procedural bars to relief contained

---

[3] Def.'s Mot., at p. 2.
[4] Def.'s Mot., at p. 2.
[5] Def.'s Mot. At 5-6 (suggesting that Defendant had a lookalike whose resemblance was so strong that the lookalike was virtually a "twin" of Defendant.)
[6] Def.'s Mot. At 5.

in Superior Court Criminal Rule 61. Under Rule 61, second or subsequent motions by a criminal defendant for postconviction relief – such as the instant motion – must be summarily dismissed unless the movant can show that either (i) new evidence exists which creates a strong inference that the movant is actually innocent of the charges for which he has been convicted, or (ii) pleads with particularity that a new rule of Constitutional law applicable on collateral review has rendered his sentence invalid. Neither of these exceptions apply, and Defendant's Motion must be summarily dismissed under Rule 61. Defendant has failed to meet either standard, and summary dismissal is therefore appropriate.

8. Defendant has previously made the allegations contained in his current Motion before this Court under the theory that his defense attorney was ineffective for failing to obtain this evidence and use it to cast doubt on the State's case at trial, thereby violating Defendant's rights under the Sixth Amendment to the Constitution of the United States.[7] The Superior Court has previously rejected these arguments.[8] Defendant's has also suggested that police used suggestive photo identification procedures during the course of their investigation, and this argument has also been rejected by both the Superior Court and the Supreme Court of Delaware.[9] As such,

---

[7] See *State v. Desmond*, 2011 WL 91984 (Del. Super. 2011), at *14-15.
[8] *Id.*
[9] *State v. Desmond*, 1995 WL 717628 (Del Super. 2011), at *3 ("Lastly, Desmond argues that the police used suggestive photographic identification procedures. Desmond's 'argument', which consists of three sentences, concludes that the police used suggestive procedures and that therefore the identifications should have been

Defendant is procedurally barred by Rule 61 from reintroducing his argument with respect to the alleged manipulation of photo identification displays, and his Motion is **DENIED** on this ground.

9.  It appears that Defendant has also made his current *Brady* claim to this Court previously, and that this claim has been rejected.[10] Defendant claims that he "made reasonable attempts to pursue claims [that the State withheld evidence in violation of *Brady*] in state court" but does not describe the efforts he made nor the reason why they were rejected. As such, Defendant's *Brady* claim fails to meet the bars to procedural relief contained in Rule 61 and will be **DENIED**.

10. Finally, Defendant's current Motion also opines at great length about the unreliability of eyewitness identification as a form of evidence in general. A motion for postconviction relief is not the appropriate vehicle for Defendant to seek relief from his conviction based on the alleged unreliability of eyewitness testimony in general. Instead, if a Defendant seeks postconviction relief pursuant to Rule 61, the Defendant should identify a specific defect with the eyewitness testimony upon which he was

---

excluded from evidence.") See also *State v. Desmond*, 2011 WL 91984, at *3 (noting that in his third motion for postconviction relief, Defendant claimed that "there was 'improper and suggestive photographic identification by the police" and noting that Defendant had attempted to recharacterize his underlying claim in order to avoid the procedural bars to relief contained in Rule 61).

[10] See *State v. Desmond*, 2011 WL 91984, at *4 ("With respect to Defendant's claim that the State intentionally withheld evidence [made in his Sixth Motion for Postconviction Relief, filed in 2005], this Court found that '[t]his is effectively a *Brady* claim and it appears that defendant raises it for the first time here.')

convicted. Defendant has failed to do so in his current Motion, and in any event, such claims are procedurally barred under Rule 61 and should have been asserted in his first motion for postconviction relief.

11. For the foregoing reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

_____
Francis J. Jones, Judge

Original to Prothonotary